

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6019
James.Mirro@ag.ny.gov

August 24, 2020

**By ECF**

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re: ***Disability Rights New York, et al. v. New York State, et al.***
      ***USDC EDNY Civil Action No. 17 CV 6965 (RRM) (SJB)***

Dear Judge Mauskopf:

  Plaintiff Disability Rights New York, also known as Disability Advocates, Inc. ("DRNY" or "DAI"), commenced this action by filing its original complaint, then its first amended complaint (the "FAC") and then its second amended complaint (the "SAC") against defendants the State of New York, Governor Andrew Cuomo, New York State's Office For People With Developmental Disabilities ("OPWDD") and OPWDD's Commissioner.[1] This office represents the Defendants.

  Defendants now respectfully request (1) a pre-motion conference with Your Honor to discuss the persistent legal defects in DRNY's current pleading, including defects that go to the Court's subject matter jurisdiction and that warrant dismissal; and (2) entry of an interim stay of discovery pending the Court's further guidance at the pre-motion conference. Defendants request this relief in light of (a) the unequivocal guidance provided by Judge Bulsara in his 52-page opinion recommending dismissal of substantial portions of the FAC (Docket Entry No. 55); (b) DRNY's decision to perpetuate the very same defects in the SAC, to Defendants' prejudice, as noted in Defendants' letter to the Court (Docket Entry No. 69); and (c) the further prejudice that will be caused to Defendants if discovery is permitted on DRNY's defective SAC.  Defendants also

---

[1] OPWDD coordinates services for more than 130,000 New Yorkers with developmental disabilities, including intellectual disabilities, cerebral palsy, Down syndrome, autism spectrum disorders, and other neurological impairments.

The Honorable Roslynn R. Mauskopf
August 24, 2020
Page 2 of 4

request an adjournment of the answer date currently set for August 24, 2020, pursuant to Your Honor's individual rules. Defendants are prepared to discuss with the Court at the pre-motion conference a briefing schedule for the proposed motions.

## Background

After a pre-motion conference with Your Honor on May 16, 2018, at which the Court focused DRNY's attention upon certain serious deficiencies in the original Complaint, including DRNY's lack of standing, DRNY elected to file its FAC on June 6, 2018. As Defendants subsequently advised the Court and the parties, despite the opportunity to re-plead, DRNY failed to cure in its FAC the deficiencies that the Court had identified during the earlier pre-motion conference. They included DRNY's failure to adequately plead its standing to pursue this action and DRNY's failure to state a claim against defendants pursuant to applicable precedent.

On October 22, 2018, Defendants moved to dismiss the FAC. On June 14, 2019, Judge Bulsara issued a thorough and well-supported report and recommendation ("R&R") that recommended, among other things, that the Court (i) dismiss DRNY for lack of standing; and (ii) dismiss Governor Cuomo, Commissioner Delaney and the State of New York, for DRNY's failure to state a claim against them. On June 28, 2019, DRNY lodged objections to Judge Bulsara's R&R; and Defendants opposed those objections by memorandum dated July 19, 2019. The Court has not yet issued a ruling on DRNY's objections.

Following a status conference with Judge Bulsara at which the R&R and DRNY's objections to it were discussed, DRNY filed its SAC on May 22, 2020. Despite this additional opportunity to re-plead, DRNY again failed to cure the defects in its pleading – including the very same defects that Your Honor emphasized to DRNY during the May 16, 2018 pre-motion conference and on which Judge Bulsara focused in his June 14, 2019 R&R. On May 29, 2020, Defendants wrote the Court to provide it notice of these developments and suggested that plaintiffs' objections remained a live controversy for the Court's decision.

Although the parties have been engaged in an intensive mediation and settlement negotiation process since May 2020, that process now appears to be coming to an end, against Defendants' wishes (the parties have entered into a confidentiality agreement).

## The Proposed Motion to Dismiss The Second Amended Complaint

The SAC asserts claims against Defendants under Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). In sum and substance, DRNY complains that OPWDD discriminates against a class of disabled residential school students by continuing to fund and provide them services that they require while they live in residential schools and await adult placements in the community. Plaintiffs complain that OPWDD has completed these transitions to the community too slowly. In fact, OPWDD coordinates the transition of hundreds of such individuals from residential schools to homes in the community each and every year, in addition to coordinating services for thousands of other disabled individuals. OPWDD has continued to provide its services throughout the course of the current global pandemic.

Defendants propose to move to dismiss on the following grounds and hereby reserve their right to move on any other ground that may become apparent: (1) to dismiss DRNY for lack of standing; and (2) to dismiss Governor Cuomo, Commissioner Kastner and the State of New York for DRNY's failure to state a claim against them, all for the reasons set forth in Defendants' prior briefing in this matter (Docket Entry Nos. 39-40, 43), in Judge Bulsara's R&R (No. 52), and in Defendants' opposition to DRNY's meritless objections to Judge Bulsara's R&R (No. 55).

Focusing on DRNY's lack of standing, an association may have standing to bring suit on behalf of its members only when, *inter alia*, "its members would otherwise have standing to sue in their own right[.]" DAI v. New York Coalition, 675 F.3d 149, 157 (2d Cir. 2012) (vacating judgment and dismissing action for DAI's lack of standing). Here, despite multiple opportunities to amend, DRNY has failed to plead a factual basis sufficient to establish its standing. DRNY has not pled, for instance, whether it is a membership organization. In DAI, on appeal after a lengthy litigation and complex trial, the Second Circuit found both that DAI "is not a membership organization" and that DAI lacked sufficient "indicia of membership" to pursue the action. Id. at 157-58. Likewise, here, DRNY has failed to plead any factual basis to establish the Constitutionally-required "indicia of membership" as outlined in DAI. DRNY pleads that it is now New York State's P&A System, but the Second Circuit has expressly declined to decide whether that fact alone is sufficient to satisfy Constitutional standing. Id. In short, despite the ample opportunities provided DRNY, and the clear guidance provided by both Your Honor and Judge Bulsara, DRNY has failed to plead any factual basis to support its standing under binding Supreme Court and Second Circuit precedents.

### The Court Should Enter An Interim Stay of Discovery on The SAC

On the basis of the foregoing, Defendants submit that discovery on the SAC should be stayed. Defendants are prepared to further discuss with the Court the grounds for the stay at the pre-motion conference. Pending the Court's guidance at the pre-motion conference, Defendants respectfully request that the Court enter an interim stay of discovery. Defendants' request for an interim stay is supported by good cause, including DRNY's decision to perpetuate the very same defects in DRNY's pleadings that both Your Honor and Judge Bulsara have identified throughout the history of this case but that DRNY has failed to cure despite multiple opportunities to do so.

By perpetuating these defects since the outset of this litigation, DRNY has required Defendants to expend substantial time, effort and resources in motion practice. Defendants seek to avoid the additional prejudice of the burdensome and costly discovery that is sure to follow if the Court permits discovery on the defective SAC. Moreover, an interim stay will not prejudice plaintiffs. Defendants brought to DRNY's attention the continuing defects in their SAC no later than May 29, 2020, in a letter that defendants filed with the Court (No. 69) after sharing the substance of that letter with DRNY. DRNY has declined that and every other opportunity to cure the defects in its pleading, including the opportunities set forth below. Defendants submit that this warrants entry of an interim stay at least through the date of the pre-motion conference. See Telesca v. Long Island Housing Partn., 2006 WL 1120636 (E.D.N.Y. 2006) (granting interim stay of discovery pending motion to dismiss where there were previous findings in the record that plaintiffs' claims lacked merit and the allegations against defendants remained deficient).

The Honorable Roslynn R. Mauskopf
August 24, 2020
Page 4 of 4

      To avoid further motion practice and the imposition of additional burdens on the Court, Defendants have proposed to DRNY that the parties stipulate to the following procedures, but DRNY has refused to assent: (1) to stipulate to dismiss from the SAC the parties that Judge Bulsara has recommended in his R&R to dismiss from this case; or (2) to adjourn Defendants' response date to the SAC (today), to permit the Court additional time to resolve DRNY's objections to Judge Bulsara's R&R; or (3) to stay discovery on the SAC at least through the date of the pre-motion conference to avoid the unnecessary burden on Defendants and the inevitable discovery disputes that will arise on a pleading that is likely to be dismissed in whole or in part by the Court.

      Accordingly, Defendants respectfully request (1) a pre-motion conference with Your Honor to discuss the proposed motion to dismiss the SAC; (2) entry of an interim stay of discovery pending the Court's further guidance at the pre-motion conference; and (3) adjournment of the answer date currently set for August 24, 2020, pursuant to Your Honor's individual rules.

      Defendants thank the Court for its time and attention to this matter.

                                                          Respectfully submitted,

                                                           /s/

                                                   James Mirro
                                               Assistant Attorney General

cc: All Counsel (by ECF)