UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
DISABILITY RIGHTS NEW YORK;
C.J.P., by his next friend C.P.; H.M., by
his next friend L.M.; and S.M., by his
next friend N.M.,

**MEMORANDUM AND ORDER**
Case No. 17-CV-6965-FB-MMH

          Plaintiffs,

  -against-

THE OFFICE FOR PEOPLE WITH
DEVEOPMENTAL DISABILITIES,

          Defendants.
--------------------------------------------------x

**BLOCK, Senior District Judge:**

With the Court's permission, plaintiffs' counsel amended the complaint in this action to name three individuals who undisputedly have standing to assert the claim that New York State is violating the Americans with Disabilities Act ("ADA") and section 504 of the Rehabilitation Act of 1973 ("Section 504") by keeping them in "residential schools" beyond their twenty-first birthday. In response, New York State moves to dismiss for lack of jurisdiction on the ground that the entire case is a legal nullity because the only plaintiff named in the original complaint—Disability Rights New York ("DRNY")—lacks such standing.[1]

---

[1] New York State further objects that the amended complaint continues to list DRNY as a plaintiff and includes an individual plaintiff not mentioned in the motion to amend. Those objections have no substantive significance.

The Court has already addressed New York State's argument in connection with the motion to amend the complaint: "In [*Hackner v. Guarantee Trust Co.*, 117 F.2d 95, 98 (2d Cir. 1941)], the circuit court rejected the defendants' claim that 'one cannot amend a nonexistent action' as 'purely formal' and contrary to the 'wide and flexible content given to the concept of action under the [then] new rules.'" *Disability Rts. New York v. New York State*, 2024 WL 4189223, at *4 (E.D.N.Y. Sept. 13, 2024). Invoking that flexibility, the Court concluded that allowing the new plaintiffs to join the existing action was more sensible than requiring them to go through the formality of filing a new one. *See id.*

The new individual plaintiffs claim that they have suffered legally cognizable injuries fairly traceable to New York State's conduct and redressable by the Court through declaratory and injunctive relief. That they have asserted those claims by adopting an existing complaint rather than filing a new one is of no consequence. The motion to dismiss for lack of jurisdiction is denied.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 25, 2025

2