UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISABILITY RIGHTS NEW YORK;<br>C.J.P., by his Next Friend C.P;<br>H.M., by his Next Friend L.M.;<br>S.M., by his Next Friend N.M.;<br>J.C. by his Next Friend D.G.; and<br>A.F. by his Next Friend M.F.;<br>On behalf of themselves and<br>Others similarly situated<br><br>                Plaintiffs,<br><br>      -versus-<br><br>THE OFFICE FOR PEOPLE WITH<br>DEVELOPMENTAL DISABILITIES,<br><br>              Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 1:17-CV-6965 (FB) (MMH) |

*Appearances:*
*For the Plaintiffs:*
JULIE MICHAELS KEEGAN
LARA HARTE WEISSMAN
Disability Rights New York
725 Broadway
Suite 450
Albany, NY 12207

*For the Defendant:*
JAMES MIRRO
JANE P. ROSALES
New York State Office of the Attorney General
28 Liberty Street
17th Floor
New York, NY 10005

**BLOCK, Senior District Judge:**

Following seven years of painfully extended litigation, during which counsel for both parties have wasted significant judicial resources arguing about routine issues, both parties are now before the Court objecting to discovery rulings made by Judge Henry on December 31, 2025. Plaintiffs seek to appeal Judge Henry's partial denial of their motion to compel discovery, whereby Defendant was not compelled to disclose information related to certain out-of-state educational facilities housing individuals who oppose transition from their current settings, and as such, do not fall within the class definition. Defendant moves to appeal Judge Henry's denial

of their motion for an extension of time to disclose their expert witness and to conduct expert discovery.

Where a party files a timely objection to a magistrate judge's order on a non-dispositive matter, the assigned district judge must "…modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.,* 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).

Consistent with her commendable management of this unruly and overlong discovery process, Judge Henry's orders as to both parties are well-reasoned and not clearly erroneous or contrary to law. Furthermore, Defendants' motion was filed more than 14-days after the entry of Judge Henry's order and is therefore untimely under Rule 72(a). *See* ECF No. 224. Both motions are therefore denied. The parties are advised to cease relitigating their discovery disputes and focus their energies on the long awaited class-certification and *Daubert* motions.

**CONCLUSION**

Plaintiffs' and Defendant's objections to Magistrate Judge Henry's December 31, 2025, discovery orders are denied.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　/S/ Frederic Block
　　　　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
June 12, 2026

2